No. 04-0133C
(Chief Judge Damich)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

ILLINOIS POWER COMPANY

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS OR, IN THE ALTERNATIVE, FOR COORDINATED DISCOVERY REGARDING RATE AND SCHEDULE ISSUES

---

Barry S. Hyman
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
Tel: 312-258-5500
Fax: 313-258-5700

Attorney for Plaintiff Illinois Power Company

April 15, 2004

Of Counsel:

Suzanne L. Karbarz
Schiff Hardin LLP

# TABLE OF CONTENTS

**Page**


QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

A. The Government Has Not Met The Stringent Requirements Justifying a Stay..................3

1. Illinois Power's Case Is Not Substantially Similar To The SNF Cases .................3

2. The Government Has Not Proven Hardship Or Inequity. .....................................4

3. The Duration Of The Stay Is Indefinite...............................................................5

B. Coordinated Discovery Will Not Result in More Efficient Administration.......................5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


# TABLE OF AUTHORITIES

**Cases**


BWX Technologies, Inc. v. United States (Case No. 04-96-C).....................................................1

C3, Inc. v. United States, 5 Cl. Ct. 659, 660 (1984).........................................................................3

Landis v. North American Co., 299 U.S. 248, 256 (1963)............................................................5

Maine Yankee Atomic Power v. United States, 225 F.3d 1336, 1343 (Fed. Cir. 2000).................2

Yankee Atomic Electric Co. v. United States (Case No. 98-126C)...............................................1

**QUESTIONS PRESENTED**

1. Whether the Government's Motion to Stay, which has previously been denied in other spent nuclear fuel cases before this Court, should be denied because the issues presented by Illinois Power in its Complaint are not substantially similar to the issues presented in Indiana Michigan, Yankee Atomic, and Commonwealth Edison, the Government has not proven hardship or inequity, the Government seeks a stay of indefinite duration and a stay will not result in greater judicial economy.

2. Whether the Government's alternative Motion to Coordinate Discovery Regarding Rate And Schedule Issues should be denied because the parties do not need any, or any additional discovery on rate and schedule issues relevant to the Indiana Michigan, Yankee Atomic, and Commonwealth Edison cases, discovery they do need is unique to these parties and coordination will not streamline this litigation.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ILLINOIS POWER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-0133C<br>(Chief Judge Damich) |

**ILLINOIS POWER'S RESPONSE TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS OR, IN THE ALTERNATIVE, FOR COORDINATED DISCOVERY REGARDING RATE AND SCHEDULE ISSUES**

Illinois Power Company ("Illinois Power") responds to the Government's Motion to Stay All Proceedings Or, In The Alternative, For Coordinated Discovery Regarding Rate And Schedule Issues, filed March 30, 2004 ("Motion"), as follows.[1]

The Government's Motion should be denied, as it was on April 8, 2004 by Judge Lettow in BWX Technologies, Inc. v. United States (Case No. 04-96-C), and like an earlier version denied by Judge Damich on January 30, 2004 in Yankee Atomic Electric Co. v. United States (Case No. 98-126C). Copies of both Orders are attached as Exhibits 1 and 2, respectively. In this instance, the decision to deny this Motion is easier than in the other similar motions. Illinois Power's Complaint, unlike the complaints filed by many of the SNF plaintiffs, presents a single distinct and concise issue that, contrary to the Government's contention, is not related to the

[1] Illinois Power does not agree with many of the statements contained in the Motion regarding the relationship of the various spent nuclear fuel cases and their alleged factual similarities. Illinois Power further understands that the issue of the alleged relationship between the cases was addressed at length in the Motion to Stay filed in Yankee Atomic, which was denied on January 30, 2004. As such, Illinois Power will not fully address the history of the various SNF cases pending before this Court.

"rate and schedule issues" upon which the Motion is premised. A copy of the Complaint is attached as Exhibit 3.

The single issue described in this Complaint is whether Illinois Power, which stopped operating and sold its interest in its Clinton nuclear power plant in 1999, is entitled to recover the amount of its investment in the Private Fuel Storage, LLC ("PFS"). Unlike "all of the SNF plaintiffs seeking damages allegedly causes by having to store SNF, either now or in the future" (Motion at 9), including Indiana Michigan, Yankee Atomic and Commonwealth Edison, the plaintiffs in the three cases scheduled for trial this year, Illinois Power does not operate any nuclear facilities, is not producing spent nuclear fuel and has no "future damages." As such, the "rate and schedule issues," which the Government claims are "substantially similar" in this and the other three lead cases, and is the primary justification for its Motion, are not issues in this case. There is, therefore, no justification to stay this proceeding, or to grant the Government's request for coordinated discovery. The only issue here, since this Court already determined that the Government breached the Standard Contract (See Maine Yankee Atomic Power v. United States, 225 F.3d 1336, 1343 (Fed. Cir. 2000)), is whether Illinois Power acted reasonably, in mitigating its damages, by investing in PFS and, if so, verifying the amount of damages to which Illinois Power is entitled.

The facts pertinent to resolution of this issue do not arise out of the same "operative facts" as the three cases scheduled for trial. A determination of whether Illinois Power did act reasonably, and the amount of its damages, will turn largely on facts unique to its particular circumstances. This determination will, in all likelihood, cause the government to conduct discovery of Illinois Power documents and witnesses that is separate and apart from discovery it conducts in other cases. On the other hand, Illinois Power, in all likelihood, may draw on

discovery of government documents and witnesses that has already been taken. As such, a stay of proceedings does not promise greater efficiency in the administration of justice. To the contrary, it impairs the efficient administration of justice for Illinois Power by undermining Illinois Power's right to have its narrow, concise and straightforward damage claim resolved in a timely and orderly fashion without undue delay.

**A. The Government Has Not Met The Stringent Requirements Justifying a Stay.**

As the Government points out, a stay is only appropriate upon a clear showing that (1) the cases involve issues that are "substantially similar" or "related;" (2) the requesting party will suffer hardship or inequity if required to go forward; and (3) the requested stay is not of immoderate duration. C3, Inc. v. United States, 5 Cl. Ct. 659, 660 (1984). The Government has not satisfied any of these three requirements, all of which must be satisfied before a stay may be granted. Id.

**1. Illinois Power's Case Is Not Substantially Similar To The SNF Cases.**

The Government argues that Illinois Power's issues are substantially similar to the issues in the three cases scheduled for trial because "the development of the Standard Contract and the purpose of the various rates that DOE has published are the same in every case." Motion at 9. This argument is not persuasive. Unlike Indiana Michigan, Yankee Atomic and Commonwealth Edison, Illinois Power only seeks damages arising from its investment in PFS. Illinois Power signed the Standard Contract in 1995 when it owned an interest in a nuclear power plant known as the Clinton Power Station ("Clinton"). Illinois Power sold its interest in Clinton in 1999. Complaint at ¶ 7, 11. Before the sale, when it became evident that the DOE would not meet its obligations under the Standard Contract, Illinois Power invested in PFS, which was formed to construct a temporary spent nuclear fuel storage facility for storage of spent nuclear fuel that would have otherwise been disposed of by the DOE. Complaint at ¶ 10 – 12. Illinois Power's

damages include the unrecoverable costs of its investment in PFS, which were incurred to form the partnership, for construction of the temporary facility, to participate in affairs of the partnership and to sell Illinois Power's interest in the partnership.

Unlike Indiana Michigan, Yankee Atomic and Commonwealth Edison, Illinois Power's damages are finite, not continuing into the future, and do not rely on any interpretation of the provisions of the Standard Contract pertaining to rate, schedule, and sequence for taking title of spent nuclear fuel. Contrary to the Government's assertions, there will be no need for Government witness testimony about "the purpose of the various rates that DOE has published." The inquiry here is whether Illinois Power reasonably mitigated damages arising from the Government's breach of the Standard Contract by investing in PFS. This inquiry is substantially more limited, and much more narrow, and significantly different than the issues presented in the other cases. Even if "rate and acceptance" were pertinent to this dispute, the Government has already conducted discovery on this issue in many other SNF cases and that discovery is available to the parties. It is unlikely that further discovery on that question is necessary.

**2. The Government Has Not Proven Hardship Or Inequity.**

The "hardship" and "inequity" envisioned by the Government is the risk of inconsistent rulings in similar cases on the issue of rate and schedule of acceptance of the spent nuclear fuel. Motion at 9. This argument fails here for the same reasons that it was soundly rejected by Judge Damich in his January 30, 2004 order in Yankee Atomic (Case No. 98-126C), and because Illinois Power's claim, unlike claims by Indiana Michigan, Yankee Atomic and Commonwealth Edison, does not involve rate and schedule of acceptance calculations or "Greater-Than-Class-C radioactive waste." Motion at 10; Exhibit 2 at 2. Here, the inquiry is limited to whether Illinois Power reasonably mitigated its damages by investing in PFS. That determination is dependant upon facts unique to Illinois Power and, as stated earlier, will likely require the Government to

conduct discovery of Illinois Power documents and witnesses. Since the adjudication of Illinois Power's claim is dependant on facts unique to Illinois Power, the risk and effect of inappropriately inconsistent results, as described by the Government, is greatly overstated. Indeed, one might easily imagine the Government taking the position that an adverse result in another case that addresses this issue is not pertinent here where the Government would then be advocating for a different outcome more favorable to its interests. If so, the Government would then continue to litigate this case, after the passage of several years, on the same basis that it is now ready to proceed, a result that is clearly unfair to Illinois Power and does little, if anything, to advance the efficient administration of justice.

**3. The Duration Of The Stay Is Indefinite.**

Contrary to the applicable standard, which requires that a stay, if imposed, be only of "reasonable duration,' the Government impermissibly requests a stay for an indefinite period of time. At a minimum, the Indiana Michigan, Yankee Atomic and Commonwealth Edison trials will drag on until the end of this year. Substantially more time is required for filing post-trial briefs and the Court's opinions in each case. With appeals, the process could easily result in a stay of several years, a result that promises higher litigation costs, increased risk that witnesses may be unavailable and one that is entirely inconsistent with Illinois Power's right to a timely and efficient adjudication of its rights. Such an indefinite delay is not a period of time within the parameters of "moderate duration" as that term is defined by applicable appellate decisions. See Landis v. North American Co., 299 U.S. 248, 256 (1963) (noting that a stay is not appropriate for an indeterminate time period).

**B. Coordinated Discovery Will Not Result in More Efficient Administration.**

In the alternative, the Government requests a "coordinated process for discovery in all of the newly-filed SNF cases," including this one, because "all of the SNF cases are grounded upon

the same set of operative facts relating to the rate and sequence of DOE's obligation to accept the utilities' SNF." Motion at 12. For Illinois Power, this argument is not persuasive because Illinois Power's case does not involve the rate and sequence of DOE's obligation to accept spent nuclear fuel. According to its Complaint, Illinois Power, having sold its interest in its Clinton Power Station in 1999, seeks damages arising only from its investment in PFS. Its damages are not based on any rate and schedule of acceptance.

As such, inclusion of Illinois Power in a protracted coordinated discovery process, involving all 65 remaining SNF plaintiffs, is inappropriate and unfair to Illinois Power. In all likelihood, Illinois Power may draw on discovery of Government documents and witnesses that has already been completed and the Government, in order to evaluate Illinois Power's claim, will likely conduct discovery of Illinois Power's documents and witnesses. Coordination would significantly increase the costs of discovery to Illinois Power and would necessarily delay addressing its claims in a timely fashion on factual issues that are unique to this case. Moreover, it will not lead to more efficient judicial administration of this case because the discovery necessary to prepare for and resolve this case is, to a significant degree, separate and distinct from discovery applicable to all newly-filed SNF matters.

## CONCLUSION

For these reasons, Illinois Power respectfully requests that this Court enter an order denying the Motion To Stay All Proceedings or, in the Alternative, For Coordinated Discovery Regarding Rate and Schedule Issues, order the Government to promptly answer the Complaint and comply with applicable pretrial deadlines and procedures.

April 15, 2004

Respectfully submitted

s/ Barry S. Hyman
BARRY S. HYMAN
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
Tel: 312-258-5500
Fax: 313-258-5700

Attorney for Plaintiff Illinois Power Company

Of Counsel:

Suzanne L. Karbarz
Schiff Hardin LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April 2005, a copy of the foregoing Illinois Power's Response to Defendant's Motion to Stay all Proceedings or, in the Alternative, for Coordinated Discovery Regarding Rate and Schedule Issues was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Barry S. Hyman

CH1\4132119.4