**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ILLINOIS POWER COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. ________________** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Illinois Power Company complains of the United States of America as follows:

**THE PARTIES**

1. Illinois Power Company ("Illinois Power") is a corporation organized and existing under the laws of the State of Illinois.

2. The defendant is the United States of America as represented by the United States Department of Energy ("DOE").

**JURISDICTION**

3. The Court of Federal Claims has jurisdiction over the subject matter of this case pursuant to 28 U.S.C.A. § 1491(a)(1).

**BREACH OF CONTRACT**

4. In accordance with the Nuclear Waste Policy Act of 1982, 42 U.S.C.A. 10101-10270 (the "Act"), the DOE is responsible for disposal of spent nuclear fuel ("SNF") and high level radioactive waste accumulated at nuclear power plants throughout the United States.

5. In accordance with the Act, Illinois Power and the DOE entered into the Standard Contract for Disposal of Spent Nuclear Fuel (See, 10 C.F.R. 961.11 (1983)), date July 6, 1984

and known as U. S. Department of Energy Contract No. DE-CR01-84RW00003 ("Standard Contract", attached as Exhibit 1).

6. In 1987, Illinois Power's nuclear power plant, known as Clinton Power Station ("Clinton"), went on line and began producing SNF.

7. Under the Standard Contract, the DOE was obligated to begin taking title to, transport and dispose of SNF from Clinton "not later than January 31, 1998" (Standard Contract, page 9, paragraph B; page 6, Article II).

8. The DOE breached the Standard Contract by failing to take title to, transport and dispose of Clinton's SNF beginning "not later than January 1, 1998".

9. Before and during 1995, it was apparent that the DOE would not meet its obligation to begin taking title to, transport and dispose of SNF from Clinton beginning by January 31, 1998 and would not be in a position to do so for many years thereafter.

10. As such, it was necessary for Illinois Power to make arrangements for storage of the SNF from Clinton that the DOE had promised to take title to, transport and dispose of under the Standard Contract.

11. In order to make these arrangements, Illinois Power, in 1995, formed The Private Fuel Storage LLP ("PFS") with seven other utilities that owned nuclear power plants.

12. The purpose of PFS was to construct a temporary SNF storage facility for storage of SNF that would have otherwise been disposed of by the DOE had the DOE met its obligations under the Standard Contract.

13. On December 15, 1999, Illinois Power sold Clinton.

14. By the time that Clinton was sold, Illinois Power had paid $2,633,644 and was obligated to pay an additional $726,336 to PFS.

15. After the sale of Clinton, in an effort to mitigate its damages, Illinois Power sold its interest in PFS. The buyer paid $900,000 and assumed Illinois Power's obligation to pay an additional $726,336 to PFS.

16. As a result, the DOE's breach of the Standard Contract proximately caused Illinois Power damages in the amount of $1,733,644 plus additional amounts incurred to form PFS, participate in the affairs of PFS and in connection with the sale of Illinois Power's interest in PFS ("Additional Damages").

17. Illinois Power performed all of its obligations under the Standard Contract, including payment of all fees.

Wherefore, Illinois Power Company requests entry of a judgment in its favor and against the United States of America for damages in the amount of $1,733,644 plus the Additional Damages, interest, reasonable attorneys fees and any and all other relief deemed just and reasonable.

ILLINOIS POWER COMPANY

By:________________________
Barry S. Hyman

SCHIFF HARDIN LLP
Barry S. Hyman
Martha L. Keller
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500 (p)
(312) 258-5600 (f)

CH2\ 1079601.4