IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ILLINOIS POWER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-133C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR CONTINUATION OF THE STAY OF ALL PROCEEDINGS

Pursuant to Rule 26 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court continue the stay of all proceedings in this case until the United States Court of Appeals for the Federal Circuit issues a decision in Indiana Michigan Power Co. v. United States, No. 04-5122. This request is based upon similar concerns and issues identified by the Government in its previous request for a stay. For the reasons discussed below, the Government respectfully requests that the Court continue the stay of all proceedings, including discovery.[1]

This stay would allow the pending appeal of the Indiana Michigan litigation to proceed before the Federal Circuit, which appeal likely will resolve the legal issues that the Government anticipates will arise in this litigation. Specifically, we understand that, in this litigation, Illinois Power intends to seek recovery of the monies that it invested in Private Fuel Storage, LLC ("PFS"), a private consortium of nuclear utilities that is attempting to develop a private spent nuclear fuel storage facility. Judge Hodges's decision in the Indiana Michigan case addressed

[1]To the extent that the Court declines to continue the stay of proceedings in this case, we respectfully request that the Government be granted an opportunity to respond to any schedule for further proceedings that the plaintiff may propose.

and rejected the plaintiff's claim to recover costs for that plaintiff's prior investments in PFS. This specific claim is part of Indiana Michigan's appeal to the Federal Circuit.

A stay of all proceedings in another spent nuclear fuel ("SNF") case, pending the Federal Circuit's decision, was just ordered by the Court on Tuesday, December 28, 2004. In Texas Genco, LP, et. al. v. United States, No. 04-100C, Judge Victor J. Wolski granted the parties' Joint Status Report and Motion to Extend, in which the parties requested that the stay in the case be extended until the Federal Circuit issues a decision in Indiana Michigan. The Court further ordered that the parties file a Joint Status Report within 30 days of the Federal Circuit's decision in Indiana Michigan.

## DISCUSSION

A stay of proceedings is necessary in this case to allow for the efficient resolution of legal and factual issues that are common to the SNF cases. Although the plaintiff in this case is focusing its damages claim upon its request to recover its PFS investment, it appears that, to the extent that the requested recovery is not barred as a matter of law, the same issues present in other SNF cases would be implicated here, including the minimum mandatory schedule for the acceptance of SNF and high-level radioactive waste ("HLW") by which the Government was contractually obligated to accept contract holders' SNF and/or HLW, and the ability of contract holders to recover damages incurred prior to the actual breach of the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," 10 C.F.R. § 961.11. These issues have been presented in the Indiana Michigan and Yankee trials that have been completed and again will be squarely presented in the trials that are currently scheduled to occur

between now and September 2005. Resolution of these issues in these cases will streamline the Court's consideration of and issues presented in this litigation.

A decision not to stay this case will vitiate the "lead" cases process that the Court instituted in response to the Government's previous motion to consolidate the SNF cases. Specifically, this Court selected six cases that it identified as "lead" or "accelerated" cases for the purpose of resolving the legal and factual issues that the Government had presented in various partially dispositive motions filed in all of the cases existing at that time. Four of those cases have already completed trials regarding the plaintiff's damages: Indiana Michigan Power Co. v. United States, No. 98-486C (Fed. Cl.), Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.), and Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.).

The Indiana Michigan decision issued by Judge Hodges, which directly addresses PFS investments as a recoverable damage, is on appeal before the Federal Circuit. Three other non-lead cases, Sacramento Municipal Utility District v. United States, 98-488C (Fed. Cl.), Tennessee Valley Authority v. United States, 01-249C (Fed. Cl.), and Southern Nuclear Operating Co. v. United States, 98-614C (Fed. Cl.), all are scheduled for trial between March 21, 2005 and August 29, 2005.[2] Given the significance of the issues in these cases, we anticipate that the Federal Circuit will review the decisions in those cases and that the Federal Circuit's rulings

[2] No further proceedings have been scheduled in Florida Power & Light Co. v. United States, No. 98-483C (Fed. Cl.), the fifth "lead" or "accelerated" case, pending resolution of the Court's October 14, 2004 show cause order. The sixth "lead" case, Commonwealth Edison Co. v. United States, No. 98-621C (Fed. Cl.), was resolved amicably.

will provide dispositive guidance regarding a number of threshold issues in all of the SNF cases pending before this Court, including plaintiff's case.

"The power of a federal trial court," including this one, "to stay its proceedings, even for an indefinite period of time, is beyond question." Cherokee Nation of Okla. v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254; see Clinton v. Jones, 117 S. Ct. 1636, 1650 (1997) ("District Court has broad discretion to stay proceedings"). "Moreover, lower courts, in addressing a request for a stay, often try to 'maximize the effective utilization of judicial resources and to minimize the possibility of conflicts between different courts.'" New York Power Auth. v. United States, 42 Fed. Cl. 795, 799 (1999) (quoting 5A C. Wright & A. Miller, Federal Practice & Procedure § 1360 (2d ed. 1990)). Reduction of the costs of litigation to the parties and the likelihood that a stay would ultimately simplify the issues that the Court otherwise would have to resolve are important factors supporting a stay of proceedings. See In re Laughlin Prods. Patent Litig., 265 F. Supp. 2d 525, 530 (E.D. Pa. 2003); Gioello Enters. Ltd. v. Mattel, Inc., No. 99-375, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001); see also Laba v. Lockheed Martin IMS Corp., No. 97-926, 1998 WL 187800, at *2 (E.D. La. 1999) ("Before undertaking the arduous and time-consuming task – both for the parties and for the Court – of crafting appropriate parameters for plaintiff's discovery, however, it appears to me that the most efficient, cost-effective and reasonable means of approaching discovery and trial preparation in this case is to stay all discovery and other

proceedings in this matter in light of the important proceedings in the Louisiana Supreme Court that defendant has noted in its motion papers."). Given the strong likelihood that appellate court resolution of the threshold issues in the pending cases will eliminate the need to engage in extensive discovery and trial proceedings in this case upon these threshold issues, a stay of proceedings is warranted.

"The rule of thumb is that where there is duplicative litigation in federal courts, i.e., where two courts have before them the same parties and issues, litigation should continue in the court in which the suit first began" or in "which case has made the greatest progress." New York Power Auth. v. United States, 42 Fed. Cl. 795, 802 (1999). Here, the same Standard Contract terms are at issue in all of the pending SNF cases, and several of those cases are substantially further developed than the cases that were just recently filed, such as plaintiff's case here. Accordingly, to allow for efficiency and judicial economy, the Court should follow this "rule of thumb."

The Government requests that the stay in this case be extended until the Federal Circuit issues a decision in Indiana Michigan. At that time, the Government requests that the Court permit the parties to report to the Court to recommend further proceedings, if necessary, in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Scott R. Damelin
SCOTT R. DAMELIN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

December 29, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 29th day of December 2004, a copy of foregoing "DEFENDANT'S MOTION FOR CONTINUATION OF THE STAY OF ALL PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Scott R. Damelin